IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEHME J. NEHME and | : | |
| GEORGIA NEHME | : | |
|     Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | 23-05145 |
| | : | |
| WESTFIELD INSURANCE COMPANY | : | |
|     Defendant. | : | |
| | : | |

**MEMORANDUM**

**Schmehl, J.**   /s/ JLS                                                                                          **June  26, 2024**

### I.   INTRODUCTION

Before the Court is the motion of Defendant, American Select Insurance Company ("American Select") (improperly identified as Westfield Insurance Company) to dismiss the Complaint filed by Plaintiffs, Nehme J. Nehme and Georgia Nehme ("Plaintiff"). Plaintiff filed a Complaint seeking compensatory and punitive damages as relief for breach of contract and statutory bad faith.  Based upon the parties' submissions, Defendant's motion will be granted and this matter will be dismissed.

### II.   BACKGROUND

Plaintiff executed a home insurance policy with Defendant that covered the time period from February 19, 2021, to February 19, 2022. (Complaint, ¶ 7) Plaintiffs noticed a crack in the concrete at the bottom of their pool on April 3, 2021, and filed a claim with Defendant. (Complaint, ¶ 8) A lengthy investigative process ensued, where Defendant tested for sinkholes, leaks or tears in the pool lining as the cause of the damage. (ECF 10, Def.'s Ex. 3, p. 3) As their claim underwent review, Plaintiffs were sent a letter on December 16, 2021 which explicitly stated "[o]ur investigation of the claim is not and should not be construed as . . . a waiver of any

rights which we may have with respect to the claim being presented." (ECF 10, Def.'s Ex. 3, p. 3) Defendant paid for repairs after its investigation determined that an underground plumbing leak was a possible cause of the damage. (Complaint, Ex. C, p.166)

Plaintiff subsequently sought coverage for damage to their pool house, which had shifted on its foundation. (Complaint, ¶ 8) A separate engineering firm hired by Defendant investigated and filed a report on October 3, 2022, concluding that the damage to the pool house was caused from its own weight or the settlement of underlying soil, but not from the leak which caused the crack in the pool. (Complaint, Ex. E, p. 177) Defendant denied coverage for the pool house via letter to Plaintiffs on September 26, 2022, as the policy excluded coverage for "settling . . . of . . . walls, floors, roofs or ceilings," or "Earth Movement." (Complaint, Ex. A pp. 22, 24)

Plaintiff hired two additional experts to dispute this conclusion. A geologist who reviewed the evidence found "[t]he damage to the pool house/cabana is very likely to have been caused by elevated moisture levels from the pool plumbing leak." (Complaint, Ex. E, p. 180) Plaintiff hired a third engineering firm to review all of the existing reports and ultimately disagreed with Defendant's denial: "it is our professional opinion that the leaking pool pipe caused elevated moisture under the pool house foundations. . . ." (Complaint, Ex. J, p. 196) These reports were submitted to Defendant. (Complaint, Ex. G, p. 189) After Defendant's expert reviewed the Plaintiff's reports and confirmed his assessment that a leak was not the cause of the pool house damage, Defendant issued another letter to Plaintiffs denying coverage. (Complaint, Ex. H, p. 199)

On December 13, 2023, Plaintiff filed a complaint in the Court of Common Pleas for Northampton County, alleging that the denial of coverage for damage to the pool house was a breach of contract and violated 42 Pa. Cons. Stat. § 8371, which provides damages for "bad

faith" actions taken by an insurer. Defendant removed the action to this court pursuant to 28 U.S.C § 1441(a).

### III. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) governs the Court's motion to dismiss analysis. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (*citing Iqbal,* 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

The Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) "[i]t must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (*quoting Iqbal*, 556 U.S. at 675, 679). *See Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

In our analysis of a motion to dismiss, the Court of Appeals allows us to also consider documents "attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)).

IV. **DISCUSSION**

Defendant states two arguments in support of its motion: 1) Plaintiff's claim for breach of contract is time barred; and 2) Plaintiff is unable to demonstrate a cause of action for bad faith. In their response brief to Defendant's Motion to Dismiss, Plaintiff cites the equitable defenses of waiver and estoppel on the breach of contract claim and argues that the Complaint plausibly presents the issue of whether Defendant acted in bad faith in denying their claim. For the reasons addressed more fully below, I find that no cause of action exists for breach of contract and that Plaintiff cannot state a claim for bad faith. Accordingly, I will grant American Select's motion and dismiss this matter.

A. **Breach of Contract**

Count I of Plaintiff's Complaint asserts a claim for Breach of Contract. (Complaint ¶¶ 37-45.) Plaintiff's insurance policy contained a clause stating the following: "no legal action shall be brought against [American Select] . . . unless the action is started within one year after the date of loss of damage." (Complaint, Ex. A, p. 6) "Pennsylvania law recognizes as valid suit limitation clauses in insurance policies." *Prime Medica Assocs. v. Valley Forge Ins. Co.*, 970 A.2d 1149, 1159 (Pa. Super. Ct. 2009). *See McElhiney v. Allstate Ins. Co.*, 33 F. Supp. 2d 405, 408 (E.D. Pa. 1999) ("The one-year contractual suit limitations period in the Allstate policy at

issue here is valid."). Plaintiff filed their initial claim on April 3, 2021, and commenced the instant suit on December 13, 2023, twenty-months after the one-year limitation for filing a suit on their claim.

Plaintiff states that the Defendant waived their right to exercise the suit limitation clause based on Defendant's failure to approve or deny their loss claim before the one-year time limit and a willingness to review additional evidence submitted by Plaintiff. (ECF 9, Pl's Br. Opp. Mot. Dismiss, p. 10.) Additionally, Plaintiff claims that a lack of express notification of the suit limitation clause should estop its enforcement. (*Id.*)

Waiver and estoppel may serve as a defense "if conduct or action on the part of the insurer is responsible for the insured's failure to comply in time with the conditions set forth." *Gen. State Auth. v. Planet Ins. Co.*, 346 A.2d 265, 268 (Pa. 1975). "Waiver may be established by a party's express declaration or by a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary." *Prime Medica Assocs.*, 970 A.2d at 1156-57 (quoting *Samuel J. Marranca Gen. Contracting Co., Inc. v. Amerimar Cherry Hill Assocs. Ltd. P'ship*, 610 A.2d 499 (Pa. Super. Ct. 1992)). Here, Defendant made no representations of their intention not to exercise the suit limitation clause. Defendant's letter to Plaintiff from December 16, 2021, on the pending status of their pool house claim states: "[o]ur investigation of the claim is not and should not be construed as . . . a waiver of any rights which we may have with respect to the claim being presented." (ECF 10, Def.'s Ex. 3, pg. 3)

Plaintiff argues that Defendant's review of additional evidence substantiates their waiver defense. "[T]he process of investigation in determining liability by an insurer does not constitute a waiver by the insurer." *Swan Caterers, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2012 WL

5508371 at *5 (E.D. Pa. 2012) (quoting *Thomas v. Allstate Ins. Co*, 974 F.2d 706, 710 (6th Cir. 1992)). Defendant hired an engineering firm to examine Plaintiff's property damage before reaching a conclusion on their claim and submitted Plaintiff's independent engineering reports to the same expert for evaluation. An ongoing examination of the evidence does not illustrate Defendant's intention to waive their right to exercise the suit limitation clause.

Plaintiff argues that Defendant's December 16, 2021 letter did not adequately remind them of the suit limitation clause, which should therefore estop Defendant from enforcing the provision. "The essential elements of estoppel are an inducement to a party to believe that certain facts exist, and an act in reliance on that belief." *Chrysler Credit Corp. v. First Nat'l Bank & Trust Co.*, 746 F.2d 200, 206 (3rd Cir. 1984). "In order for the doctrine of estoppel to be applied in bar of the statute of limitations, fraud or concealment must necessarily be established." *Nesbitt v. Erie Coach Co.*, 204 A.2d 473, 477 (Pa. 1964). An insured party has a duty to read their policy. *See Palmisano v. State Farm Fire & Cas. Co.*, 2012 WL 3595276, at *11 (W.D. Pa. 2012) ("The contractual limitations clause is clearly set forth in the policy which the insured has a duty to read and is presumed to understand.") (internal references omitted). An insurer has no duty to remind an insured party of the existence of a suit limitation clause. *See Swan Caterers*, 2012 WL 5508371 at *5 ("[N]o obligation to remind policyholders of the suit limitation clause contained within the insurance policy."). As noted, Defendant's December 16, 2021 letter explicitly warns Plaintiff against construing the ongoing investigation as a "waiver of any rights which we may have with respect to the claim being presented." (ECF 10, Def.'s Ex. 3, pg. 3) Likewise, Plaintiff had a duty to read the original policy document containing the suit limitation clause.

Moreover, Defendant ultimately denied the claim for coverage of the pool house on September 26, 2022. (Complaint Ex. D) Even if Defendant's ongoing investigation tolled the enforcement of the one-year limitation clause, Plaintiff filed the instant suit on December 13, 2023, fifteen months after the claim was denied. *See Nesbitt*, 204 A.2d at 475 ("It is also well established that mere negotiations . . . afford no basis for an estoppel . . . nor do . . . misunderstandings or lack of knowledge in themselves toll the running of the statute."). There is no evidence of Defendant's intention to delay or waive enforcement of the suit limitation clause. Moreover, even if Defendant was willing to delay enforcement of the clause until September 26, 2022,[1] the instant suit was still filed on December 13, 2023, more than a year after the claim was denied.

Thus, Plaintiff is unable to demonstrate that the suit limitation clause in their policy does not preclude them from filing a claim for breach of contract. Accordingly, Count I of the Complaint should be dismissed.

B. **Bad Faith Denial of a Claim**

Count II of Plaintiff's Complaint contains a claim under 42 Pa. Cons. Stat. § 8371, which creates a cause of action for bad faith insurance claim denials.[2] "A plaintiff must demonstrate, by clear and convincing evidence, (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017).

---

[1] The date Defendant denied Plaintiff's claim. (Complaint, Ex. D)

[2] A claim under 42 Pa. Cons. Stat. § 8371 may continue despite the dismissal of a count for breach of contract. *See Dagit v. Allstate Prop. & Cas. Ins. Co.*, 2017 WL 395489, at *6, n.3 (E.D. Pa. 2017) ("[A] claim for bad faith brought against an insurer pursuant to 42 Pa. C.S. § 8371 is a separate and distinct cause of action and is not contingent on the resolution of the underlying contract claim."); *Doylestown Elec. Supply Co. v. Maryland Cas. Ins. Co.*, 942 F. Supp. 1018, 1020 (E.D. Pa. 1996) ("A plaintiff may succeed on its bad faith claim even if it fails on the underlying breach of contract claim.").

Plaintiff claims that Defendant had no reasonable basis to deny their claim due to the conflicting engineering reports on the cause of their property damage. (Complaint ¶ 53.) Defendant based their denial on a report submitted from an expert engineering firm. Defendant permitted Plaintiff to submit additional expert reports, which Defendant provided to its expert for review and consideration but maintained its denial of Plaintiff's claim.

"[A]n insurer simply must show that it had a reasonable basis for a coverage decision based on the information available at the time the decision was made." *Overbrook Props., LLC v. Allstate Indem. Co.*, 2018 WL 3439616, at *4 (E.D. Pa. 2018). Reliance on an expert report is a reasonable basis to deny an insurance claim. *See Hamm v. Allstate Prop. & Cas. Ins. Co.*, 908 F. Supp. 2d 656, 673 (W.D. PA. 2012) ("[C]ourts have recognized that an insurer's reasonable reliance on an engineering expert's report for a coverage decision does not constitute bad faith."). *See also Cantor v. Equitable Life Assur. Soc'y of the U.S.*, 1999 WL 219786, at *3 (E.D. Pa. 1999) ("[A]n insurance company's substantial, thorough investigation, based upon which the insurance company refuses to make or continue benefit payments, establishes a reasonable basis that defeats a bad faith claim.")

Here, Defendant hired an expert to evaluate the Plaintiff's pool house damage and ultimately denied the Plaintiff's claim based on the expert's conclusion that damage to the structure was caused by "Earth Movement" and was not covered by Plaintiff's policy. (Complaint, Ex. A pp. 22, 24.) Plaintiff submitted two expert reports to support their contention that damage was caused by a leak, but "[t]he insurance company also is not required to show the process by which it reached its conclusion was flawless . . . [it] simply must show it conducted a review or investigation sufficiently thorough to yield a reasonable foundation for its action."

*Cantor*, 1999 WL 219786 at *3. Thus, there is no evidence that Defendant's choice to credit their own expert illustrates the lack of a reasonable basis to deny Plaintiff's claim.

In the instant matter, Plaintiff is unable to demonstrate that Defendant's denial of coverage lacked a reasonable basis. Accordingly, Count II of the Complaint should be dismissed.

### V.     **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is granted and Plaintiff's Complaint is dismissed. An appropriate order follows.